STATE OF NEBRASKA EX REL. RAYMOND P. MEDLIN, JR.,
COUNTY ATTORNEY OF BOONE COUNTY, APPELLEE, V. GARY
CHOAT ET AL., APPELLANTS, IMPLEADED WITH RICHARD
MICHAELS ET AL., APPELLEES.
193 N. W. 2d 739

Filed January 21, 1972. No. 38012.

Wilson, Barlow & Watson, for appellant.

Raymond P. Medlin, Jr., and Perry, Perry & Witthoff, for appellee Medlin.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an action in quo warranto brought by the county attorney of Boone County, Nebraska, to void and set aside the election of the members of the Boone County Committee for the Reorganization of School Districts, and to oust all of the elected members from their offices on said county committee. The trial court found the election invalid and ousted the elected members from office. The respondents, Gary Choat, Marvin Richards, Mandy Rasmussen, and Melvin Furby, were the only respondents to answer and defend their right to the office to which they were elected. We reverse.

The election at issue was conducted at a meeting of all members of the school boards and boards of education

of Boone County on December 22, 1969. The meeting was called by the county superintendent, by notice to every elective member of said school boards or boards of education, who were the only ones eligible to vote for members of the reorganization committee. No special notice of any nature was given to the general public, but the meeting was open to members of the general public who wished to attend, and some were present. The trial court, holding article 14 of Chapter 84, R. S. Supp., 1969, and specifically section 84-1405 thereof, to be applicable, voided the election.

Section 84-1401, R. S. Supp., 1969, is as follows: "Except as otherwise expressly provided by the Constitution or the statutes of Nebraska, *all convened meetings of governing bodies of* all agencies, now or hereafter created by Constitution, statute, or otherwise pursuant to law, *of* the executive department of the State of Nebraska, *of* the independent boards, commissions, bureaus, committees, councils, subunits, *or* any other administrative agencies, whether advisory or executive, of the State of Nebraska, *or* of any political subdivision of the State of Nebraska, exercising legislative, executive, or administrative powers or supported in whole or in part by public funds or entrusted with powers of recommending the expenditure of, or actually expending, public funds shall be deemed to be a public meeting which shall be held in a public building except as provided in section 84-1402, and which shall be open in attendance to the public. Sections 84-1401 to 84-1405 shall not be construed to apply to any city having substantially similar requirements in its home rule charter or to the Legislature or any committee thereof." (Italics supplied.)

Section 84-1402, R. S. Supp., 1969, is as follows: "The public policy of the State of Nebraska is that all public meetings should be preceded by some publicized notice specifying the time and place of all such meetings in order that the citizens of the state can intelligently exercise their democratic privilege of appearing at public

sessions of governmental bodies. All such public meetings shall be held in the public building in which the governmental body conducting the meeting operates or is headquartered unless the publicized notice shall designate another public building or other place. The minutes of the governmental body, kept by the secretary or acting secretary of such body, shall record the manner by which such publicized notice was given."

We find the trial court was in error in holding these sections applicable to the election of the county committee for school district reorganization. A reading of Chapter 84, article 14, R. S. Supp., 1969, demonstrates that the obvious intent of that article is to provide for public meetings of all governing bodies. We do not agree that the school district reorganization committee is the type of body contemplated by the statute. It is not a "governing" body of any of the units or agencies embraced within the ambit of section 84-1401, R. S. Supp., 1969.

A more serious question concerns the regularity of the election procedures, which, because of his ruling on the public notice question, was not considered by the trial court. Section 79-426.05, R. R. S. 1943, as it existed on the date of the election, provided so far as material herein as follows: "There is hereby established in each county in the state a committee for the reorganization of school districts, to be known as the county committee. Each county committee shall be composed of not less than six nor more than ten members, no two of which shall be from the same district except in a county having fewer than six districts. The county committee of the county in which the schoolhouse or the administrative office of a joint district lying in two or more counties is located shall be designated to have within its jurisdiction the territory of said joint district for the purpose or organizing school districts. One member of the county committee shall be the county superintendent of schools, who shall serve as a nonvoting member of the committee. All of the members of school boards and boards of

education within the county and joint districts under the jurisdiction of that county committee shall, at a meeting called for that purpose by the county superintendent of schools within one hundred twenty days from August 27, 1949, and each four years thereafter, (1) determine by a majority vote of those present the number of members of the county committee within the limits prescribed in this section, and (2) elect for a term of four years all'the remaining members of the committee other than the county superintendent of schools. A simple majority of the elective members of the county committee of counties in which the majority of districts are Class I school districts shall be chosen from Class I school districts with the remainder being chosen from other classes of school districts and with each class of school district having representation on the county committee. At least one of the elective members shall not be a member of any school board or board of education."

The minutes of the meeting of December 22, 1969, indicate that a motion was adopted to have a board composed of 10 members. This would mean, as we interpret the statute, the election of 9 voting members, who with the county superintendent, a nonvoting member, would constitute a committee of 10. Of the nine, at least one of the elective members could not be a member of any school board or board of education. A motion was erroneously adopted after the voting to declare the top 10 elected. The superintendent of schools then certified the election of 10, who with himself made a board of 11 members. While this procedure was irregular, it did not void the election of those properly elected.

The law provides that a simple majority of elective members of the county committee of counties in which the majority of districts are Class I school districts, which includes Boone County, shall be chosen from Class I school districts. The remainder of the board then must be chosen from other classes of school districts, but each class of school districts should have representa-

tion on the committee. In the instant case, one member was chosen from a Class III district, two members from a Class II district, and the remaining seven members certified from Class I districts. A simple majority of nine would be five. It is evident, therefore, that of the seven Class I members certified as elected, only the top five could legally be so certified. This means that only 8 of the 10 members certified as elected were properly certified, and because only 9 were to be elected, there is 1 vacancy on the committee to be filled as provided by law. If the other eight members are all members of school boards or boards of education, then someone must be elected from other than a Class I district who is not a member of a school board or board of education. In any event, the member to be selected must be from other than a Class I district.

The county superintendent assumed the board figure of 6 to 10 referred to in the statute meant elective board members. As set out heretofore, this was an erroneous interpretation. While the electors voted for 10 rather than 9 in this instance, it was merely an irregularity and in no way could have affected the result of the election.

The statute provides several limitations on the membership of the board, but does not delineate any particular method of conducting the election, so any procedures approved by the majority of the electors within the limits of the act would be permissible. In this instance, only the top five candidates from Class I districts could be elected. The four others were required to come from other classes, with each class having at least one member on the board.

The vote for the seven members of Class I districts certified, was as follows:

| NAME | VOTES RECEIVED |
| --- | --- |
| Mel Furby | 33 |
| Bob Zoucha | 29 |
| Gary Choat | 29 |
| Mandy Rasmussen | 27 |

| | |
|---|---|
| Marvin Richards | 25 |
| Don Skillstad | 19 |
| Dick Michaels | 18 |

Dick Michaels, who received 18 votes, and Don Skillstad, who received 19 votes, are the two who should not have been certified as elected. It is to be noted that the votes of those who were properly certified range from 25 to 33, substantially in excess of the two who should not have been certified.

The judgment of the district court is reversed and the cause is remanded to the district court with directions to vacate the election of Don Skillstad and Dick Michaels; to confirm the election of the remaining eight members; and to direct them to fill the vacancy for the ninth spot as provided by law.

REVERSED AND REMANDED WITH DIRECTIONS